1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7    RONALD PATTERSON,                          Case No. 18-cv-05322-JSC

8              Plaintiff,

9        v.                                      **ORDER OF SERVICE**

10   J. HEASTIE, et al.,

11             Defendants.

12                              **INTRODUCTION**

13       Plaintiff, a California prisoner, filed this pro se civil rights complaint under 42 U.S.C. §

14   1983 against officials at the California Training Facility in Soledad, California.[1]  Plaintiff's

15   application to proceed *in forma pauperis* is granted in a separate order.  For the reasons explained

16   below, the complaint is ordered served upon Defendants.

17                              **STANDARD OF REVIEW**

18       Federal courts must engage in a preliminary screening of cases in which prisoners seek

19   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

20   1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of

21   the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief

22   may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.*

23   § 1915A(b).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901

24   F.2d 696, 699 (9th Cir. 1990).

25       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

26   claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

27

28   ---
     [1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. §
     636(c).  (ECF No. 1 at 8.)

1    statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon

2    which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although to

3    state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to

4    provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a

5    formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must

6    be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,

7    127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to

8    state a claim for relief that is plausible on its face." *Id.* at 1974.

9          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a

10   right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

11   violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S.

12   42, 48 (1988).

### LEGAL CLAIMS

14         Plaintiff alleges that prison officials maintain that he has an arson conviction that he never

15   sustained.  Because his records show such a conviction, he may not be housed in a lower security

16   facility and is not eligible from prison employment.  His efforts to have the conviction removed

17   from his prison record have been denied by Defendant Heastie.  Defendant Fletes retaliated

18   against him for these efforts by falsifying his statements and documents regarding this matter.

19   When liberally construed, these state cognizable claims for the violation of his rights to due

20   process and under the First Amendment.

### CONCLUSION

22         1.    The Clerk shall issue a summons and Magistrate Judge jurisdiction consent form

23   and the United States Marshal shall serve, without prepayment of fees, the summons, Magistrate

24   Judge jurisdiction consent form, a copy of the complaint with attachments, and a copy of this

25   order on **J. Heastie and I. Fletes** at the **California Training Facility.**

26         The Clerk shall also mail a courtesy copy of the Magistrate Judge jurisdiction consent

27   form, the complaint with all attachments and a copy of this order to the California Attorney

28   General's Office.

1    2.    Defendants shall complete and file the Magistrate Judge jurisdiction consent form

2  within the deadline provided on the form.  He shall also file an answer in accordance with the

3  Federal Rules of Civil Procedure.

4    3.    To expedite the resolution of this case:

5    a.  No later than **91** days from the date this order is issued, Defendants shall file a motion

6  for summary judgment or other dispositive motion.  The motion shall be supported by adequate

7  factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and

8  shall include as exhibits all records and incident reports stemming from the events at issue.  If

9  Defendants is of the opinion that this case cannot be resolved by summary judgment, they shall so

10  inform the Court prior to the date the summary judgment motion is due.  All papers filed with the

11  Court shall be promptly served on Plaintiff.

12    b.  At the time the dispositive motion is served, Defendants shall also serve, on a separate

13  paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998)

14  (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

15    c.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and

16  served upon Defendants no later than **28 days** from the date the motion is filed.  Plaintiff must

17  read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to

18  *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

19    d.  Defendants shall file a reply brief no later than **14** days after the opposition is filed.

20    e.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing

21  will be held on the motion unless the Court so orders at a later date.

22    5.    All communications by Plaintiff with the Court must be served on Defendants or

23  their counsel once counsel has been designated, by mailing a true copy of the document to

24  Defendants or their counsel.

25    6.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

26  No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the

27  parties may conduct discovery.

28    7.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

3

informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: November 6, 2018

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

1

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

2

If Defendants move for summary judgment, they are seeking to have your case dismissed.

3

A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if

4

granted, end your case.

5

Rule 56 tells you what you must do to oppose a motion for summary judgment. Generally,

6

summary judgment must be granted when there is no genuine issue of material fact--that is, if

7

there is no real dispute about any fact that would affect the result of your case, the party who asked

8

for summary judgment is entitled to judgment as a matter of law, which will end your case. When

9

a party you are suing makes a motion for summary judgment that is properly supported by

10

declarations (or other sworn testimony), you cannot simply rely on what your complaint says.

11

Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or

12

authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's

13

declarations and documents and show that there is a genuine issue of material fact for trial. If you

14

do not submit your own evidence in opposition, summary judgment, if appropriate, may be

15

entered against you. If summary judgment is granted, your case will be dismissed and there will be

16

no trial.

17

18

19

20

21

22

23

24

25

26

27

28

5

1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6

7 RONALD PATTERSON,

Plaintiff, Case No. 18-cv-05322-JSC

8

9 v. **CERTIFICATE OF SERVICE**

10 J. HEASTIE, et al.,

Defendants.

11

12

      I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.

13 District Court, Northern District of California.

14
      That on November 6, 2018, I SERVED a true and correct copy(ies) of the attached, by

15 placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by

16 depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery

17 receptacle located in the Clerk's office.

18

19 Ronald  Patterson ID: F24930
Correctional Training Facility
20 P.O. Box 689
Soledad, CA 93960

21

22

23 Dated: November 6, 2018

24

25 Susan Y. Soong
Clerk, United States District Court

26
By: _____
27 Ada Means, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY
28