UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD PATTERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>J. HEASTIE, et al.,<br><br>    Defendants. | Case No. 18-cv-05322-JSC<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 14 |

## INTRODUCTION

Plaintiff, a California prisoner, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against J. Heastie and I. Fletes, two officials at the California Training Facility in Soledad, California.[1] The complaint claimed that they failed to remove an inaccurate arson designation from his prison record, and that Fletes retaliated against him while deciding Plaintiff's administrative grievance challenging that designation. Following a preliminary review of the complaint under 28 U.S.C. § 1915A, the claims were found, when liberally construed, to state cognizable claims for the violation of his due process and First Amendment rights.

Defendants have filed a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff filed an opposition, and Defendants filed a reply brief. Although the Court found on preliminary review that the complaint, when liberally construed, stated cognizable claims for relief, upon review of the arguments raised by the parties in the briefing of Defendants' motion, and upon further review of the complaint and its attachments, the Court concludes, for the reasons discussed below, that Plaintiff's claims are not cognizable under Section 1983. Consequently, Defendants' motion to dismiss is GRANTED.

---

[1] All parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF Nos. 1 at 8, 12, 13.)

**BACKGROUND**

According to the allegations in the complaint and the attachments thereto, Plaintiff's criminal records show a 1988 arrest for possession of a destructive device under California Penal Code § 12303.2. (ECF No. 1 at 5). At a prison classification hearing in 2007, prison officials approved his eligibility for a "Non-Combustible Minimum Support Facility" ("MSF"). (*Id.* at 13, 18.) The hearing decision stated that, at the hearing, Plaintiff explained that he had been arrested in 1988 for possession of "an M-80" but the officer gave him a ticket instead of taking him to jail. (*Id.*) The classification decision concluded that, pursuant to a 2004 prison policy entitled "Arson Criteria and Minimum Custody Eligibility Memorandum," Plaintiff's admission to the arrest and possession of the explosive device precluded him from placement in a prison "camp". (*Id.*) Following another classification hearing in 2010, prison officials determined that under the 2004 Memorandum Plaintiff's classification would include a designation (known as an "Administrative Determinant") of arson. (*Id.* at 13.)

In 2017, Plaintiff submitted a written request to have the arson designation removed from his prison records. (*Id.* at 7.) He stated that he was only cited for possession of the explosive device but was "never arrested or convicted." (*Id.*) He further stated that when he inquired about the citation in court, court officials could not find it and he never received a promised court date. (*Id.*) Defendant Heastie, a supervisor at CTF, denied Plaintiff's appeal of the denial of his request because prison officials do not have the authority to remove an arrest from his "RAP sheet, and advised Plaintiff to contact the Department of Justice. (*Id.*)

Thereafter, Plaintiff filed an administrative grievance in which he complained about the denial of his request to remove the arson designation from his records. (*Id.* at 8-11.) He again asserted that while he was cited for possessing the explosive device, he was not arrested or convicted, and prison officials "lied" that he had admitted to such an arrest. (*Id.*) He also claimed that Heastie "falsified" Plaintiff's prison records by stating that Plaintiff had been arrested. (*Id.* at 10-11.) The first level of administrative review of the grievance was bypassed, and at the second level Defendant Fletes investigated Plaintiff's allegations, interviewed him, and denied the grievance. (*Id.* at 12-13.) Fletes found that plaintiff's RAP sheet indicating an arrest for

2

1  possession of explosive device and his admission to that effect at the 2007 classification hearing
2  were sufficient to support the designation of arson under the 2004 Memorandum. (*Id.* at 12-13.)
3  Fletes also found that Heastie did not falsify documents because her written decision accurately
4  reflected Plaintiff's RAP sheet, which indicated that Plaintiff had been arrested. (*Id.* at 5, 13.)
5  Plaintiff appealed Fletes's decision to the third and final level of review, where a non-defendant
6  denied it. (*Id.* at 14-15.)

**DISCUSSION**

I.  Standard of Review

The standard applied to a motion for judgment on the pleadings under Rule 12(c) is the same as that applied to a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Cafasso v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Dismissal for failure to state a claim is a ruling on a question of law. *Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Ibid.*

In order to state a cognizable claim for relief, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotations omitted). Although in order to state a claim a

3

complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87. A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570; *see, e.g., Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009).

A *pro se* pleading must be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Twombly*, 550 U.S. at 570 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

II. Analysis

   1. Due Process

Plaintiff argues that Defendants violated prison regulations and prison policy by failing to remove the arson designation from his classification score. He cites 15 Cal Code Regs § 337.5.2(b)(2), which states that an arson "administrative determinant" applies to an inmate's classification where there has been a "current conviction, prior conviction, or sustained juvenile adjudication." The records attached to the complaint indicate, and Plaintiff does not dispute, that the 2004 Memorandum allowed prison officials to apply the arson designation based upon Plaintiff's arrest, even when there was no conviction. (ECF No. 1, 18.) Plaintiff argues, however, that Defendants violated both the regulation and the 2004 Memorandum because it is undisputed that he was never convicted or, according to Plaintiff even arrested for possession of an explosive

4

device.

Plaintiff's assertion that Defendants violated the prison regulations and 2004 Memorandum does not state a claim under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 does not impose liability for violations of state law. *See DeShaney v. Winnebago County Social Servs. Dep't*, 489 U.S. 189, 201-03 (1989). Therefore, even if Defendant violated the prison regulation or policy, this does not on its own allege a violation of a federal right, as is necessary to state a claim under Section 1983.

The failure to remove the arson designation also does not implicate Plaintiff's federal right to due process. Interests that are procedurally protected by the Due Process Clause may arise from two sources – the Due Process Clause itself and laws of the states. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). A state law creates a liberty interest protected by the federal constitutional right to due process, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e., give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." *Sandin v. Conner*, 515 U.S. 472, 484 477-87 (1995).

Plaintiff alleges that the arson designation has affected his classification, i.e. his housing placement, and his eligibility for a prison job. His classification score is not an interest protected either by the Due Process Clause, *see Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987), nor has California created a protected liberty interest in prison classification, *see Myron v. Terhune*, 476 F.3d 716, 718-19 (9th Cir. 2007). Similarly, there is no constitutional right to a job in prison, *see Hoptowit v. Ray*, 682 F.2d 1237, 1254-55 (9th Cir. 1982), *overruled on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995),and nor is there any indication that the State of California has created a protected liberty interest in a prison job. The California Constitution states that its provisions on inmate labor shall not be interpreted as creating a right of inmates to work, Cal. Const. art. XIV § 5, and the state statute which provides for work credits, Cal. Penal

5

Code § 2933, has been found not to create a protected liberty interest, *Toussaint v. McCarthy*, 801 F.2d 1080, 1095 (9th Cir. 1986). Plaintiff has cited no authority indicating that the administrative designation of arson in his record implicated his federal constitutional right to due process.

Plaintiff argues that Defendants violated his due process rights by relying on the indication of an arrest in Plaintiff's RAP sheet and not further investigating whether that indication was inaccurate. This argument fails because, as stated above, his arson designation does not implicate his right to due process, and also because there is no authority of which the Court is aware or cited by Plaintiff that due process prohibits a prison official from relying upon what an inmate's RAP sheet says about the inmate's criminal history.

Plaintiff has not stated a cognizable claim for relief against Defendants under Section 1983 arising from their failure to remove the arson designation from his classification records.[2]

### 2. Retaliation

Plaintiff alleged in his complaint that when he filed an administrative grievance ("a 602"), Defendant Fletes could not find evidence of an arrest or conviction for arson. According to Plaintiff, in retaliation, Fletes "falsified documents and changed my statement." In his opposition, Plaintiff does not oppose Defendants' arguments that he does not state a cognizable retaliation claim.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Plaintiff alleged that Fletes retaliated against him because Fletes could not find evidence of an arrest or a conviction in Plaintiff's record. The attachments to the complaint contradict this allegation because they show that Fletes did in fact find evidence of Plaintiff's arrest, e.g. his RAP sheet and the indication in the 2007 classification decision that Plaintiff admitted to the arrest at his hearing

---

[2] In light of this conclusion, the Court need not reach Defendants' alternative arguments based upon an adequate post-deprivation remedy, timeliness, and qualified immunity.

6

(ECF No. 1 at 12-13). But even if it were true that Fletes could not find such evidence, his inability to find such evidence is not protected speech or conduct. As a result, any retaliation for not finding such evidence does not violate the First Amendment.

If Plaintiff means to assert that Fletes's actions were in retaliation for Plaintiff's filing his administrative grievance, *see generally Rhodes*, 408 F.3d at 567 (a prisoner may not be retaliated against for using prison administrative grievance procedures), such a claim fails because he has not satisfied the causation or harm elements. Plaintiff asserts that Fletes retaliated against him by falsely stating in the grievance decision that during his interview of Plaintiff, Plaintiff stated that he had been arrested (though not convicted) of possession of an explosive device. (ECF No. 1 at 12.) To begin with, Fletes cited other evidence of Plaintiff's arrest --- the RAP sheet and the 2007 classification decision --- and so he did not need to include a false admission to the arrest in order to support his denial of the grievance. In any event, Plaintiff makes no nonconclusory allegation that Fletes allegedly falsified Plaintiff's statement *because of* Plaintiff filing the grievance, as opposed to a desire to maintain Plaintiff's classification designation or an interest in keeping an inmate who had admitted to possessing an M-80 in the past to a "non-combustible" facility, neither of which is protected conduct. In addition, falsifying an inmate's statement is not sufficiently severe to have chilled Plaintiff from filing administrative grievances, as Plaintiff promply appealed Fletes's denial to the next level of review.

Plaintiff has not stated a cognizable claim for relief against Defendants for retaliation for Plaintiff's exercise of his First Amendment rights.

## CONCLUSION

For the foregoing reasons, Defendants' motion for judgment on the pleadings is GRANTED. The Clerk shall enter judgment and close the file.

This Order disposes of Docket No. 14.

//

//

//

//

7

**IT IS SO ORDERED.**

Dated: September 3, 2019

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge